**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
402 W. BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
TELEPHONE:  619.234.6655
FACSIMILE:  619.234.3510

VICTOR A. VILAPLANA CA BAR NO. 058535
VAVILAPLANA@FOLEY.COM
MATTHEW J. RIOPELLE CA BAR NO. 260176
MRIOPELLE@FOLEY.COM

ATTORNEYS FOR OFFICIAL COMMITTEE OF UNSECURED
CREDITORS

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>PHAGE BIOTECHNOLOGY CORPORATION,<br>A DELAWARE CORPORATION<br><br>DEBTOR. | CASE NO. 08-09859-LA11<br><br>CHAPTER 11<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESERVATION OF RIGHTS AND LIMITED OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT THE CASE TO ONE UNDER CHAPTER 7<br><br>DATE:    MARCH 4, 2010<br>TIME:    2:00 P.M.<br>DEPT:    2, ROOM 118<br>JUDGE:   HON. LOUISE D. ADLER |

The Official Committee of Unsecured Creditors ("Committee") of the above-captioned debtor, Phage Biotechnology Corporation ("Phage" or "Debtor"), by and through its attorneys undersigned, hereby submits the following reservation of rights and limited objection ("Objection") to the United States Trustee's ("UST") motion to dismiss or convert the case to one under Chapter 7 ("UST's Motion").

///

///

SDCA_1609852.1

Throughout the Debtor's bankruptcy case, the Committee has supported the Debtor's efforts to raise capital to fund a plan of reorganization for the benefit of all creditors.  Unfortunately, the Debtor has informed the Committee that its efforts to raise long term capital have been unsuccessful and the UST's Motion necessitated action by the Debtor to avoid conversion to a Chapter 7 liquidation.  As set forth in the Debtor's Opposition to the United States Trustee's Motion to Dismiss or Convert the Case to One Under Chapter 7 ("Debtor's Opposition") and the Debtor's Motion for Order (1) Approving Overbid Procedures and Break-Up Fee in Connection with Proposed Sale of Substantially All Assets of the Estate, and (2) Setting Hearing on Motion for Sale of Substantially All Assets of the Estate ("Bidding Procedures Motion"), the Debtor has negotiated a sale of substantially all of its assets to an entity owned by the postpetition lenders ("DIP Lenders").  As consideration for the Debtor's assets, the buyer will cancel or assume the entire amount of postpetition financing and transfer 10% of the stock of the buyer to the Debtor.

The Committee is concerned that the proposed sale does not provide adequate consideration for the Debtor's assets and that the proposed bidding procedures will have a chilling effect on bidding.  Nonetheless, the Committee believes that a sale to the DIP Lenders in Chapter 11 will likely result in a greater recovery for all creditors than a liquidation in Chapter 7.  In an effort to maximize the recovery for all creditors, the Committee has engaged the DIP Lenders in substantive negotiations regarding the proposed sale.  The Committee is hopeful that its negotiations will result in more favorable sale terms and less chilling bidding procedures.  Further, the Committee believes that its negotiations will result in a sale that will be more favorable for the estate than a liquidation under Chapter 7.  Therefore, the Committee objects to the UST's Motion.

The Committee intends to file a more substantive response to the Bidding Procedures Motion on or before March 2, 2010 outlining the modifications, if any, to the sale terms and the bidding procedures after its negotiations with the DIP Lenders.

1    If, however, the Committee is unable to negotiate more favorable terms with the

2    DIP Lenders, the Committee reserves the right to withdraw this Objection and support the

3    UST's Motion.

4

5    DATE:  FEBRUARY 25, 2010                    FOLEY & LARDNER LLP
                                                 VICTOR A. VILAPLANA
6                                                MATTHEW J. RIOPELLE

7

8

9                                                BY: /S/ VICTOR A. VILAPLANA

10                                               ATTORNEYS FOR OFFICIAL COMMITTEE OF
                                                 UNSECURED CREDITORS OF PHAGE
11                                               BIOTECHNOLOGY CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
402 W. BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
TELEPHONE: 619.234.6655
FACSIMILE: 619.234.3510

VICTOR A. VILAPLANA CA BAR NO. 058535
    VAVILAPLANA@FOLEY.COM
KATHERINE SOBY CA BAR NO. 241073
    KSOBY@FOLEY.COM
MATTHEW J. RIOPELLE CA BAR NO. 260176
    MRIOPELLE@FOLEY.COM

ATTORNEYS FOR OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. 08-09859-LA11 |
| PHAGE BIOTECHNOLOGY CORPORATION, A DELAWARE CORPORATION | **PROOF OF SERVICE** |
| DEBTOR | DATE:        NA<br>TIME:        NA<br>DEPT.:       NA |

I, Raechelle Hurst, am employed in the city and county of San Diego, State of California. My business address is Foley & Lardner LLP, 402 West Broadway, Suite 2100, San Diego, CA 92101. I am over the age of 18 and not a party to the within action.

On February 25, 2010, I caused to be served the following:

**Official Committee of Unsecured Creditors' Reservation of Rights and Limited Objection to the United States Trustee's Motion to Dismiss or Convert the Case to One Under Chapter 7**

in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED LIST

X    (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X    (BY ELECTRONIC MAIL "E-MAIL" VIA PDF/ADOBE) I caused such documents to be sent via e-mail to the above-listed names (as noted) and e-mail addresses and received confirmation electronic receipts indicating that this document was successfully transmitted to the parties named on the service list.  *(Service by e-mail to those parties on the attached list with e-mail addresses and where noted.)*

X    (BY NOTICE OF ELECTRONIC FILING)  I caused to be served the above-described document(s) by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

..    (BY FAX) Pursuant to agreement of counsel and California Rules of Court, Rule 2006, I caused to be transmitted the above-described document by facsimile machine to the referenced facsimile number(s).  The facsimile machine I used complied with Rule 2003 and no error was reported by the machine.  Pursuant to Rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration. (*Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.*)

..    (BY PERSONAL SERVICE)  I caused each such envelope to be delivered by hand to the addressee(s) above by _____ (name and address of attorney service).  The actual Declaration of Personal Service shall be filed upon its receipt within the applicable statutory deadline.

..    (BY OVERNIGHT DELIVERY)  I placed each such sealed envelope, to be collected at above-stated address, following ordinary business practices.  I am familiar with the practice of Foley & Lardner LLP for collection and processing of overnight packages, said practice being that in the ordinary course of business, overnight packages are picked up by a representative of that company to be sent that same day.

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 25, 2010, at San Diego, California.

_____/S/ RAECHELLE HURST_____
RAECHELLE HURST

| | |
|---|---|
| Phage Biotechology Corporation<br>Attn:  Loren King, CFO<br>1635 Village Center Circle, Suite 260<br>Las Vegas, NV  89134<br>Email:  lorenking2002@yahoo.com | Attorney for Debtor<br>Charles Liu<br>Marc J. Winthrop<br>Winthrop Couchot<br>660 Newport Center Dr., 4th Fl<br>Newport Beach, CA  92660<br>Email: pj@winthropcouchot.com<br>cliu@winthropcouchot.com |
| Office of the U.S. Trustee<br>David Ortiz, Esq.<br>402 W. Broadway, Suite 600<br>San Diego, CA  92101<br>Email: david.a.ortiz@usdoj.gov<br>Email: ustp.region15@usdoj.gov | International Legal Consultants<br>Solomon Ward Seidenwurm & Smith, LLP<br>Michael D. Breslauer, Esq.<br>401 "B" Street, #1200<br>San Diego, CA  92101<br>mbreslauer@swsslaw.com |
| Michel H. Perkiel, Esq.<br>Troutman Sanders LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY  10174<br>Email:<br>Mitchel.Perkiel@trougmansanders.com | Iron Mountain Information Management, Inc.<br>Frank F. McGinn, Esq.<br>Barlett Hackett Feinberg<br>155 Federal Street, 9th Fl<br>Boston, MA  02110<br>Email: ffm@bostonbusinesslaw.com |
| Alan Vanderhoff<br>Law Offices of Alan Vanderhoff<br>750 B Street, Suite 1620<br>San Diego, CA  92101<br>Alan.vanderhoff@vanderhofflaw.com | |

SDCA_1610001.1