CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.

MARC J. WINTHROP - State Bar No. 63218
WINTHROP COUCHOT
PROFESSIONAL CORPORATION
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Order Entered on
April 24, 2010
by Clerk U.S. Bankruptcy Court
Southern District of California

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
PHAGE BIOTECHNOLOGY CORP.

Debtor.

BANKRUPTCY NO. 08-09859

Date of Hearing:   April 8, 2010
Time of Hearing:   10:30 a.m.
Name of Judge:     Hon. Louise DeCarl Adler

**ORDER ON MOTION FOR ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; (3) AUTHORIZING THE REJECTION OF THE DEBTOR'S INTERESTS, IF ANY, IN CERTAIN EXECUTORY CONTRACTS; AND (4) GRANTING RELATED RELIEF**

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through ten (10) with exhibits, if any, for a total of ten (10) pages, is granted. Motion/Application Docket Entry No. 208

//
//
//
//
//
//

DATED: April 23, 2010

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Judge, United States Bankruptcy Court

Submitted by:

Winthrop Couchot Professional Corporation
(Firm name)

By: Marc Winthrop
    Attorney for ☒ Movant ☐ Respondent

CSD 1001A
1406461v3 237548.00001

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001A [11/15/04] (Page 2)
ORDER ON MOTION FOR ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; (3) AUTHORIZING THE REJECTION OF THE DEBTOR'S INTERESTS, IF ANY, IN CERTAIN EXECUTORY CONTRACTS; AND (4) GRANTING RELATED RELIEF

DEBTOR:  Phage Biotechnology, Corp.                                            CASE NO: 08-09859

---

Upon the "Motion for Order (1) Approving the Sale of Substantially all Assets of the Estate Free and Clear of all Liens, Claims, and Interests Pursuant to §363; (2) Authorizing the Assumption and Assignment of Certain Executory Contracts; (3) Authorizing the Rejection of the Debtor's Interest, if any, in Certain Executory Contracts; and (4) Granting Related Relief; Memorandum of Points and Authorities; Declaration of Vincent J. Roth in Support Thereof" dated March 9, 2010 (the "Sale Motion") filed by Phage Biotechnology Corporation, debtor-in-possession (the "Debtor") seeking entry of an order authorizing, inter alia, the Debtor to (i) sell substantially all of their assets, free and clear of all liens, claims, security interests, mortgages, encumbrances, licenses, permits, use or exploitation agreements, sublicenses, pledges, equities, restrictions, liabilities or charges or any kind or nature whatsoever, including, without limitation, any and all license rights, interests and entitlements of CardioVascular BioTherapeutics, Inc. ("CVBT") under that certain "Joint Patent Agreement" dated February 27, 2007 (the "JPA") and any rights, interests and entitlements of any party or entity that received same from or through CVBT with respect to any of the patents, patent applications and proprietary rights referenced in the JPA (including any sub-license agreement, clinical partnership agreement, development agreement, distribution agreement, security interest and collateral assignment), and further including, without limitation, all "interests" as such term is defined in Section 363(f) of the Bankruptcy Code, and successor liabilities pursuant to Section 363 of the Bankruptcy Code or any adverse claims (collectively, the "Liens and Encumbrances"), if any, pursuant to Section 363(f) of the Bankruptcy Code, with such Liens and Encumbrances, if any, to attach to the net sales proceeds in the preexisting order of priority; (ii) enter into an asset purchase agreement with New Technologies Holding Pte. Ltd. ("New Technologies") or, if applied, other prospective purchaser(s), and (iii) potentially assume and assign to New Technologies, or alternatively, reject, certain executory contracts and unexpired leases in connection with such sale; and this Court, after considering and conducting a hearing on March 4, 2010 with respect to the "Debtor's Motion for Order (1) Approving Overbid Procedures and Break-Up Fee in connection with Proposed Sale of Substantially All Assets of the Estate, and (2) Setting Hearing on Motion for Sale of Substantially All Assets of Estate; Memorandum of Points and Authorities; and Declaration of Dr. Thomas J. Stegmann in Support Thereof" (the "Procedures Motion") filed herein on or about February 22, 2010, having issued its "Minute Order" dated March 4, 2010, authorizing the Debtor to hold, and approving the terms and conditions of, an auction (the "Auction") and approving the bidding procedures to consider higher or otherwise better offers for the Debtor's assets as set forth in the Procedures Motion (as modified at the hearing thereon) (the "Bid Procedures Order"), and therein providing that New Technologies, having entered into an Asset Purchase Agreement dated as of February 26, 2010 (as amended by "Amendment No. 1 to Asset Purchase Agreement" dated March 9, 2010, as and may be further amended, collectively, the "APA"), copies of which were filed with the Court on April 16, 2010 and collectively marked as Exhibit "A" (Docket # 240) (and all terms not otherwise defined herein shall have the meanings ascribed to them in the APA), be designated the "stalking horse" and be granted various bidding protections; and there having been filed herein (i) the "Opposition to Debtor's Motion to Sell Assets Pursuant to 11 U.S.C. §363(b)" filed by Daniel Montano, Grant Gordon and Mickael Flaa, (ii) the "Objections to Declaration of Vincent Roth submitted by Debtor in Support of Debtor's Motion to Sell Under §363(b)" filed by Daniel Montano, Grant Gordon and Mickael Flaa, (iii) the "Objection of GHL Financial Services, Ltd. to Debtor's Motion to Sell Assets Pursuant to 11 U.S.C. §363(b)" and "Joinder in Opposition to the Debtor's Motion to Sell All Assets Free of Liens to New Technologies" filed by GHL Financial Services, Ltd., (iv) the "Objection of CardioVascular BioTherapeutics, Inc. to Debtor's Motion to Sell Assets Pursuant to 11 U.S.C. §363(b)" and "Joinder in Opposition to the Debtor's Motion to Sell All Assets Free of Liens to New Technologies" filed by CVBT (collectively, the "Objections"); (v) forty seven (47) separate "Joinders in Opposition to the Debtor's Motion to Sell All Assets Free of Liens to New Technologies" filed herein on April 6, 2010 by various entities purportedly joining in the aforesaid Objections (collectively, the "Joinders"), including the Joinder filed by Kenneth Keiller (the "Keiller Joinder"); and (vi) the "Debtor's Reply to (I) Opposition to Debtor's Motion to Sell Assets Pursuant to §363(b) Filed by Daniel Montano, Grant Gordon and Mickael Flaa; (II) Objection of GHL Financial Services, Ltd. to Debtor's Motion to Sell Assets; and (III) Objection of CardioVascular Biotherapeutics, Inc. to Debtor's Motion to Sell Assets; Declaration of Samir D. Parikh in Support Thereof dated April 2, 2010 (the "Debtor's Reply); and the Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. § 157(b)(2) and 1334; and consideration of the Sale Motion, the relief requested therein, and the Objections being a core proceeding in accordance with 28 U.S.C. § 157(b), venue before this Court is proper pursuant to 28 U.S.C.§ 1408 and 1409; and notice of the Sale Motion having been provided to, inter alia, the Office of the U.S. Trustee for the Southern District of California; counsel to the DIP Lenders (the "DIP Lenders"); all persons known to the Debtor that have

CSD 1001A
1406461v3 237548.000001

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001A [11/15/04] (Page 3)

asserted liens on, security interests in, or other interests in all or any portion of the Debtors' assets; all potential buyers of the Debtor's assets known to the Debtor; counsel for the Official Committee of Unsecured Creditors; all parties to all executory contracts with the Debtor; and all parties who have timely filed requests for notice under Bankruptcy Rule 2002; and the Court having determined that due notice of the Sale Motion and hearing thereon has been given and no other or further notice need be given; and that the legal and factual bases set forth in the Sale Motion, the Debtor's Reply, and as set forth on the record at the April 8, 2010 hearing thereon (the "Sale Hearing"), and the "Supplemental Statement" dated April 7, 2010 (the "Committee Statement") filed by the Official Committee of Unsecured Creditors (the "Committee") in full support of the Sale Motion and in response and opposition to the Objections and Joinders, establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Sale Motion is in the best interests of the Debtor, its creditors and its estate; and the appearance of all interested parties having been duly noted in the record of the Sale Hearing; and all of the Objections and Joinders having been overruled and denied pursuant to this Order; and upon all other pleadings heretofore filed herein and all the proceedings heretofore had herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HERBY FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Court has jurisdiction to consider the Sale Motion and relief requested therein pursuant to 28 U.S.C. Sections 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue of this chapter 11 case and the Sale Motion in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

D. The statutory predicates for the relief sought in the Sale Motion are sections 363, 365 and 105(a) of the Bankruptcy Code. In addition, the relief requested in the Sale Motion is appropriate under Bankruptcy Rules 2002, 6004 and 6006.

E. Notice of the Sale Motion, the Auction, and the Sale Hearing was served, in accordance with Bankruptcy Rule 2002 and 6004, the local rules of this Court, and the Bid Procedures Order (collectively, the "Sale Notice"), upon, among others, (i) the Office of the United States Trustee for the Southern District of California; (ii) counsel to the Committee; (iii) counsel to the DIP Lenders; (iv) the Debtor's unsecured creditors; (v) the Internal Revenue Service; (vi) all entities who have asserted any interests in or liens upon or security interests in the Debtor's assets, (vii) all counter-parties to the Debtor's executory contracts and unexpired leases; (viii) all parties who filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002; (ix) all entities that have expressed to the Debtor an interest in purchasing all or substantially all of the Debtor's assets; and (x) any other persons known by the Debtor to hold, assert or have threatened to assert any "claims", as such term is defined in §101(5) of the Bankruptcy Code, against the Debtor. The Sale Notice constituted good and sufficient notice of the Sale Motion and the Sale Hearing, and no other or further notice of the Sale Motion or the Sale Hearing or the entry of this Order need be given.

F. The Debtor has demonstrated a sufficient basis and the existence of exigent circumstances requiring it to sell the Purchased Assets and assume and assign any Assigned Contracts under sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment and in the best interests of the Debtor, its creditors and its estate.

G. The Debtor, under the applicable circumstances, afforded known interested potential buyers a fair and reasonable opportunity to make a higher and better offer to purchase the Purchased Assets, and was prepared to provide potential buyers, upon request, sufficient information and data as required by this Court to enable them to make an informed judgment on whether to bid on the Purchased Assets.

H. At the Auction, no other party submitted in accordance with the Bid Procedures Order a competing bid to the APA.

I. The offer of New Technologies (hereinafter referred to as the "Buyer"), upon the terms and conditions set forth in the APA, is the highest and best offer received by the Debtor, is fair, is in the best interests of the Debtor's creditors and estate, and constitutes full and adequate consideration and reasonably equivalent value for the Purchased Assets.

CSD 1001A
1406461v3 237548.000001

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Louise DeCarl Adler April 23,2010*

CSD 1001A [11/15/04] (Page 4)

J.       The Buyer is not an entity which is an "insider" or otherwise an "affiliate" of the Debtors (as such terms are defined in section 101 of the Bankruptcy Code). Notwithstanding the Buyer's principal's connections with the Debtor, the Buyer is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the full protections of sections 363(m) and (n) of the Bankruptcy Code with respect to the purchase of the Debtor's assets, including all of the Purchased Assets and Assigned Contracts. The APA was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion. Neither the Debtor nor the Buyer has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or that would cause the application of or implicate section 363(n) to the APA or to the consummation of the sale transaction and transfer of the Purchased Assets to the Buyer. The Buyer is entitled to all the protections and immunities of § 363(m) of the Bankruptcy Code.

K.       The Debtor has full corporate power and Board of Directors authority to have processed and executed the APA and all other documents contemplated thereby, and the sale of the Purchased Assets has been duly and validly authorized by all corporate authority necessary to consummate the transactions contemplated by the APA. No consents or approvals, other than as expressly provided for in the APA, are required by the Debtor to consummate such transactions.

L.       The Debtor has advanced sound business reasons for seeking to enter into the APA and to sell the Purchased Assets and assume and assign any Assigned Contracts, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtor's business judgment to sell the Purchased Assets, to execute and deliver the APA to the Buyer, and to implement the transactions contemplated therein.

M.       The terms and conditions of the APA, including the total consideration to be realized by the Debtor pursuant to the APA (and as outlined in the Committee Statement), are fair and reasonable, and the transactions contemplated by the APA are in the best interest of the Debtor, its creditors and its estate.

N.       A valid business purpose exists for approval of the transactions contemplated by the Sale Motion pursuant to section 363(b) of the Bankruptcy Code. Notwithstanding any requirement for approval or consent by any person, the transfer of the Purchased Assets to the Buyer and the assumption and assignment of the Assigned Contracts are legal, valid and effective transfers of the Purchased Assets and any Assigned Contracts.

O.       The Debtor and the Buyer have, to the extent necessary, and subject to the terms and conditions set forth herein, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(1) and 365(f)(2) thereof, in connection with the sale and the assumption and assignment of any Assigned Contracts. The Buyer has demonstrated to the satisfaction of the interested and affected parties adequate assurance of future performance with respect to all Assigned Contracts.

P.       In the absence of a stay pending appeal, the Buyer will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the APA at any time on or after entry of this Order, and cause has been shown as to why this order should not be subject to the stay provided by Bankruptcy Rule 6004(g) and 6006(d).

Q.       The sale of the Purchased Assets outside of a plan of reorganization pursuant to the APA neither impermissibly restructures the rights of the Debtor's creditors, impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor, requires creditors to vote for any plan, nor attempts to circumvent disclosure requirements of the Bankruptcy Code.

R.       All entities who assert any Liens and Encumbrances against and/or in the Purchased Assets have either consented to this Order, or (i) the purchase price for the Purchased Assets is greater than the aggregate value of all Liens and Encumbrances against and/or in the Purchased Assets, (ii) applicable nonbankruptcy law permits the sale of the Purchased Assets free and clear of such Liens and Encumbrances; (iii) such Liens and Encumbrances are in bona fide dispute; or (iv) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Liens and Encumbrances, and therefore, section 363(f) of the Bankruptcy Code has been satisfied.

S.       Except as otherwise provided in the APA, the Purchased Assets shall be sold free and clear of all Liens and Encumbrances, with any such bona fide Liens and Encumbrances, if any, to attach to the consideration to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as before the Closing, and Buyer would not enter into the APA to purchase the Purchased Assets otherwise.

CSD 1001A [11/15/04] (Page 5)

T.     Pursuant to the prior Order of this Court dated March 9, 2009, the JPA and CVBT's interests, rights and entitlements, if any, under the JPA were rejected and terminated and, incident thereto, all ownership rights in all patents, patent applications and related proprietary rights referenced in the JPA were restored, solely, fully and in their entirety, to the Debtor. Moreover, the rights of CVBT, if any, to retain any license pursuant to section 365(n) of the Bankruptcy Code have either been superseded by operation of section 363(f) of the Bankruptcy Code or were voided by virtue of CVBT's failure to make requisite payments under the JPA. Applying the law of the case and relevant bankruptcy law, without prejudice to the reservation of rights of CVBT, the Seller and the Buyer with respect to Patent No. 7252818, as set forth in the last sentence found in Paragraph 4 herein, any and all rights, interests and entitlements of CVBT, as well as of any person or entity that received any rights, interests and entitlements from or through CVBT with respect to any of the aforesaid patents, patent applications and other proprietary rights, whether be they ownership, joint venture, use, distribution, development, exploitation, license, sub-license or other derivative rights, interests and entitlements (including, without limitation, clinical partnership agreement, license or sub-license agreement, development agreement, distribution agreement, security interest, collateral assignment), no longer exist and are of no force or effect.

U.     The transfer of the Purchased Assets to Buyer will be a legal, valid and effective transfer of the Purchased Assets, and shall vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of all (i) Liens and Encumbrances, including Liens and Encumbrances, if any, (A) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's or Buyer's interest in the Purchased Assets, or similar rights, or (B) relating to taxes or any other liabilities relating to the Purchased Assets, the Debtor, or their Business, other than the Assumed Obligations, and (ii) reclamation or similar rights and claims.

V.     Pursuant to section 365(k) of the Bankruptcy Code, the Debtor and its estate shall be relieved from any liability for any breach of the Assigned Contracts occurring after the effective date of the assignment and assumption of such Assumed Contracts to and by the Buyers.

W.     Buyer shall have no obligations with respect to any liabilities of the Debtor other than the Assumed Obligations and its obligations under the APA.

X.     The Debtor has demonstrated both sound business purposes and compelling business circumstances in support of the transactions contemplated in the Sale Motion and within the timeframe requested by Debtor. There can be no assurance that the value of the Debtor's assets could be maintained if any delay in consummation of the transactions contemplated by the Sale Motion were to occur. There can be no assurance that the Buyer would be willing to complete the transactions if delay in consummation of the transactions were to occur.
NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     The Motion is granted in its entirety, subject to the terms and conditions contained herein.

2.     (a)     The APA and the transactions contemplated thereby are hereby approved, and the Debtor (and the Committee to the extent applicable as it relates to the "Trust" referenced in the Committee Statement) is hereby authorized, empowered and directed to enter into, and to perform its obligations under, the APA and to execute and perform such agreements and take such other actions as are necessary or desirable to effectuate the terms of the APA.

       (b)     The Debtor and the Buyer (and to the extent applicable, the Committee) are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to take such actions as may be necessary and appropriate to implement and effectuate the APA, without the necessity of a further order of this Court.

3.     All of the Objections are hereby overruled and denied. Furthermore, except for the Keiller Joinder, none of the Joinders were timely filed and none of the entities who filed said Joinders appeared by counsel or otherwise appeared at the Sale Hearing, and accordingly, all said Joinders are hereby overruled and denied. Finally, Kenneth Keiller appeared pro se at the Sale Hearing and expressed objection to the "sale process and procedures", and after considering Mr. Keiller's arguments and the Keiller Joinder, the Keiller Joinder is also hereby overruled and denied.

4.     The Debtor is hereby authorized, empowered and directed, pursuant to sections 105 and 363(b) and (f) of the Bankruptcy Code, to sell the Purchased Assets to the Buyer upon delivery of the consideration specified in the APA and completion of all other deliveries required at the Closing under the APA. The sale of the Purchased Assets shall vest the Buyer with good, sole and exclusive title to the Purchased Assets, and shall be transferred to Buyer free and clear of any and all Liens and Encumbrances (including, without limitation, any and all "claims" as defined in §101(5) of the Bankruptcy Code), whether secured or unsecured, choate or inchoate, filed or unfiled,

CSD 1001A

1406461v3 237548.000001

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Louise DeCarl Adler April 23,2010*

CSD 1001A [11/15/04] (Page 6)

scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise. All such Liens and Encumbrances on or against the Purchased Assets shall attach to the consideration to be received by the Debtor under the APA, with the same force, validity, priority and effect as they now may have and subject to the same defenses and avoidability, if any, as before the Closing. Notwithstanding the foregoing, or anything to the contrary contained in this Order, the transfer by the Debtor to Buyer of all of the Debtor's right, title and interest, if any, in the patent reflected in the Schedule 3.20(b)(i) appended to the APA described as Patent No. 7252818 shall be and remain subject to any and all rights and interests therein, if any, of CVBT, without prejudice to or waiver of any rights in or claims to such patent which either the Debtor, CVBT and/or Buyer has or may have with respect to same, and this Court hereby retains sole and exclusive jurisdiction to adjudicate any dispute or issue regarding the ownership of and/or rights to or in said patent and its use and exploitation.

5.      If any person or entity that has filed financing statements or other documents or agreements evidencing liens, security interests and encumbrances or other Liens and Encumbrances on the Purchased Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such liens, security interests, encumbrances or other Liens and Encumbrances which the person or entity has with respect to the Purchased Assets, the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Purchased Assets prior to the Closing.

6.      This Order shall be binding upon and govern the acts of all persons or entities, including without limitation, all filing agents, recording agencies, secretaries of state, utility providers, providers of telephone and/or telecommunication services and all other persons and entities who may be required by operation of law to accept, file, register or otherwise record or release any documents or instruments.

7.      Based upon the pleadings filed herein, applicable law, and the record made at the Sale Hearing, and subject to the reservation in paragraph "4" hereof, the Debtor is hereby authorized to sell and transfer to the Buyer the Purchased Assets, including all Intellectual Property, and including, but not limited to, all Intellectual Property set forth on Schedule "3.20(b)(i)" of the APA, solely, fully and in their entirety, free and clear of any and all rights, interests and entitlements of CVBT, as well as of any person or entity that may have received any rights, interests and entitlements from or through CVBT, whether be they ownership, joint venture, partnerships (including, but not limited to clinical partnerships), use, distribution, development (including, but not limited to clinical developments), technology, exploitation, license, security, assignments (collateral or otherwise), sub-license or other derivative rights or interest, including, without limitation, any of the following:

(a)     clinical partnership agreements or development agreements (including, but not limited to, any agreements with any of the following entities, their affiliates, predecessors or successors: (i) ProDerm LP, (ii) Cardio Derma Clinical Partners, LP, (iii) Cardio Neo-Genesis, LP, or (iv) Derma Life Clinical Partner LP),

(b)     distribution agreements (including, but not limited to, any distribution agreements with Cardio-Phage International)

(c)     license or sub-license agreements (including, but not limited to, any license agreements with Korea Biotechnology Development Co., Ltd. or Phage Process Development Partnership, L.P.),

(d)     technology agreements (including, but not limited to, any agreements with any of the following entities, their affiliates, predecessors or successors: (i) ProDerm LP, (ii) Cardio Derma Clinical Partners, LP, (iii) Cardio Neo-Genesis, LP, or (iv) Derma Life Clinical Partners LP),

(e)     sponsor agreements (including, but not limited to, any agreement with any of the following persons, entities or such entity's affiliates, predecessors or successors: (i) Dr. H. Christopher Moore, MD, (ii) Neo Cardio Partners, LLC, (iii) Frey Living Trust, or (iv) Karen Wenk-Jordan),

(f)     security interests (including, but not limited to, any security interest that CVBT may have granted Promethean Asset Management LLC, acting on behalf of HFTP Investment LLC, Gaia Offshore Master Fund, Ltd., Caerus Fund, Ltd., and Leonardo, L.P.), and

(g)     any liens or any similar rights which may be held by Knobbe Martens Olsen & Bear.

8.      Subject to the delivery of the consideration specified in the APA and completing all other deliveries required under the APA, effective as of the Closing, (a) the sale of the Purchased Assets by the Debtor to the

CSD 1001A [11/15/04] (Page 7)

Buyer shall constitute a legal, valid and effective transfer of all of the Purchased Assets notwithstanding any requirement for approval or consent by any person, and shall vest the Buyer with all right, title and interest in and to the Purchased Assets, free and clear of all Liens and Encumbrances pursuant to section 363(f) of the Bankruptcy Code, and (b) the assumption of any Assumed Obligations by the Buyer shall constitute a legal, valid and effective delegation of any Assumed Obligations to the Buyer and shall divest the Debtor of all liability with respect to any Assumed Obligations.

9.  All persons or entities, presently or on or after the Closing Date in possession of any of the Purchased Assets are directed to surrender possession of and relinquish their interests in the Purchased Assets to the Buyer on the Closing Date.

10. The sale of the Purchased Assets to the Buyer under the APA shall constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions.

11. The Buyer is hereby granted and is entitled to the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code, including with respect to any transfer of any Assigned Contracts as part of the sale of the Purchased Assets pursuant to section 365 of the Bankruptcy Code and this Order.

12. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, all Persons and Governmental Units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code) are hereby enjoined from taking any action against the Buyer to recover any Claim which such Person or Governmental Unit has or may assert against the Debtor (as such Claims exist immediately prior to the Closing).

13. The Debtor is authorized to assign and transfer to the Buyer all of the Debtor's rights, title and interest (including common law rights) to all of the Debtor's tangible and intangible property to be assigned and transferred to the Buyer under the APA, provided, however, that with respect to the following specific items of equipment: (i) HPCL Prog Gradient Dad System with 1 year warranty, (ii) 508 W/2 Cool & Stream Switch, (iii) SC100 Fraction Collector, (iv) PL Ultra, Labor & Validation support manual, and (v) Applicon Fermentor & BioSoftware (collectively, the "Alleged CVBT Equipment"), the Alleged CVBT Equipment are being transferred to the Buyer subject to CVBT's establishment of any right, title or interest it may have in such equipment within ten (10) days of the entry of this Order. Unless the Buyer contests CVBT's ownership, the Alleged CVBT Equipment shall be deemed Excluded Assets as defined in the APA, and CVBT is hereby authorized and directed to remove the CVBT Equipment at CVBT's sole cost and expense, upon advance notice, within ten (10) days following presentment of proof of ownership.

14. The Buyer has not assumed or otherwise is obligated for any of the Debtor's liabilities other than as set forth in the APA, and the Buyer has not purchased any of the Excluded Assets (as defined in the APA). Consequently, all holders of Claims based upon or arising out of liabilities retained by the Debtor are hereby enjoined from asserting or prosecuting any Claim or cause of action against the Buyer or the Purchased Assets to recover on account of any liabilities other than Assumed Obligations pursuant to the APA or other than pursuant to this Order. All persons holding or asserting any Liens or Encumbrances against or interest in the Excluded Assets are hereby enjoined from asserting or prosecuting any claim or cause of action against the Buyer or the Purchased Assets for any liability associated with the Excluded Assets.

15. Subject to the terms of the APA and the closing of the sale transaction, the sale, assumption and assignment of the Assigned Contracts is hereby approved pursuant to sections 363 and 365 of the Bankruptcy Code.

16. The Debtor is hereby authorized and directed to immediately assume and assign to Buyer the following Assigned Contracts: (i) that certain "Development Agreement" dated May 7, 2004, between BiopolyMed Inc. and Debtor, and (ii) that certain "Services Agreement" dated October 1, 2005, between B.S. Biology Sciences Limited and Debtor, subject only to (a) Buyer's confirmation of its election to take an assignment of said Assigned Contracts, and (b) Buyer's right to exclude Contracts from, or add Contracts to, the definition of Assigned Contracts in accordance with the terms of the APA. To the extent Buyer excludes any Contracts from the definition of Assigned Contracts, the Debtor shall provide proper and adequate notice thereof to the Debtor and the Committee.

17. The Buyer has demonstrated to the interested and affected parties adequate assurance of its future performance under the Assigned Contracts and the proposed assumption and assignment of the Assigned Contracts satisfies the requirements of the Bankruptcy Code including, sections 365(b)(l) and (3) and 365(f) of the Bankruptcy Code to the extent applicable.

CSD 1001A
1406461v3 237548.000001

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Louise DeCarl Adler April 23, 2010*

CSD 1001A [11/15/04] (Page 8)

18. No "cure" payment under section 365(b)(1)(A) of the Bankruptcy Code need be paid to the parties to any Assigned Contract as none exists, and the Assigned Contracts shall be in full force and effect without any outstanding enforceable default(s) thereunder.

19. The Assigned Contracts are valid and binding, in full force and effect, and enforceable in accordance with their terms. Any provisions in any Assigned Contract that purports to declare a breach or default as a result of either the Debtor's bankruptcy filing or the financial condition of the Debtor or a change of control in respect of the Debtor are unenforceable, and all Assigned Contracts shall remain in full force and effect, without existing default. No sections or provisions of any Assigned Contracts that purport to (i) prohibit, restrict, or condition the Debtor's assignment of the Assigned Contract, including, but not limited to, the conditioning of such assignment on the consent of the non-debtor party to such Assigned Contract; or (ii) provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to the Assigned Contracts, shall have any force and effect with respect to the sale transaction and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code.

20. Except as may be provided in this Order, upon the assumption and assignment thereof, and except for allowed claims for cure amounts, if any, payable by the Buyer under an Assigned Contract, each non-debtor party to an Assigned Contract, shall be forever barred and enjoined from asserting against the Debtor, its bankruptcy estate or the Buyer: (a) any default, monetary or non-monetary, existing as of the Closing Date, or (b) any objection to the assumption and assignment of such non-debtor party's Assigned Contracts, whether or not such non-debtor party filed a proof of claim.

21. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the APA, and to resolve any dispute concerning this Order, the APA, or the rights and duties of the parties thereunder or any issues relating to the APA and this Order, including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Purchased Assets and any Assigned Contracts and all issues and disputes arising in connection with the relief authorized herein.

22. Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), this Order shall be effective and enforceable immediately upon entry pursuant to Rule 9006(c)(l). In the absence of any entity obtaining a stay pending appeal, the Debtor and the Buyer are free to close under the APA at any time. In the absence of any entity obtaining a stay pending appeal, if the Debtor and the Buyer close under the APA, the Buyer shall be deemed to be acting in "good faith" and shall be entitled to the protection of section 363(m) of the Bankruptcy Code as to all aspects of the transactions contemplated by the APA, regardless of whether this Order or any authorization contained herein is reversed or modified on appeal.

23. The sale approved by this Order is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code.

24. The provisions of this Order are non-severable and mutually dependent.

25. This Order shall inure to the benefit of the Buyer, the Debtor, and their respective successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee that may be appointed in the Debtor's chapter 11 case, and shall be binding upon any trustee, party, entity or fiduciary that may be appointed in connection with this case or any other or further case involving the Debtor, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

26. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Order.

27. The provisions of this Order authorizing the sale of the Purchased Assets free and clear of Liens and Encumbrances, and any Claims, shall be self-executing, and neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtor and the Buyer, and each of their respective officers, employees and agents, are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Buyer deem necessary or appropriate to implement and effectuate the terms of the APA and this Order.

28. The Buyer is not a "successor" to the Debtor or its bankruptcy estate by reason of any theory of law or equity, and the Buyer shall not assume, nor be deemed to assume, or in any way be responsible for, any liability

CSD 1001A
1406461v3 237548.000001

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Louise DeCarl Adler April 23,2010*

CSD 1001A [11/15/04] (Page 9)

or obligation of the Debtor and/or its estate, including but not limited to any bulk sales law or similar liability, except as otherwise expressly provided in the APA.

29.     Pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, all parties holding any Liens and Encumbrances, and any Claims against the Debtor, its estate or its assets, the Debtor's employees, former employees and shareholders, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, including such officials maintaining any authority relating to environmental, labor and health and safety laws, and their respective successors or assigns, are hereby permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind or the employment of any process or any act to collect, offset or recover any Liens and Encumbrances, and any Claim, against the Buyer, or that seeks to impose liability upon the Buyer or any affiliate, successor or assign thereof, or against the Purchased Assets or the Assigned Contracts, under the laws of the United States, any state, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor or transferee liability or any liability for pre- or postpetition Liens and Encumbrances, and any Claims, against the Debtor by reason of the transfer of the Purchased Assets to the Buyer, except for the Assumed Obligations, including, without limitation, pre- and postpetition Liens and Encumbrances, and any Claims any federal, state or local governmental entities, of any current or former employee for claims arising out of employment and termination of employment, including, without limitation, claims for wages, bonuses, commissions, accrued vacation, severance, continuation of coverage under COBRA, or pension, welfare, fringe benefits or any other benefits of any kind including, without limitation, obligations in respect of retiree medical coverage or benefits.

30.     The provisions of the APA may be waived, modified, amended, or supplemented by agreement of the Debtor and the Buyer without further action of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to and effectuates the APA and any related agreements.

31.     The failure specifically to include any particular provisions of the APA or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor and the Buyer that the APA and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

32.     Except with respect to the Assumed Obligations, nothing in this Order or the APA shall require the Buyer to (i) continue or maintain in effect, or assume any liability in respect of any employee pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which the Debtor is a party or have any responsibility therefor, including, without limitation, medical, welfare and pension benefits payable after retirement or other termination of employment, or (ii) assume any responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in respect of the funding, investment or administration of any employee pension plan or the termination of any such plan.

33.     Subject to the Closing of the APA sale transactions, and further subject to the execution of a mutually acceptable amendment between the Buyer and Canta Rana Ranch, L.P. (the "Landlord") for the Debtor's facility at 6868 Nancy Ridge Drive, San Diego, California 92121, supplementing and modifying that certain "Standard Industrial Net Lease" dated March 15, 2006 between the Debtor and the Landlord, as amended (the terms of which lease modification have been negotiated and agreed between Buyer and the Landlord) (the "Lease"), the Debtor is hereby authorized to assume and assign the Lease to the Buyer. No "cure" payment under section 365(b)(1)(A) of the Bankruptcy Code need be paid as none exists, and the Buyer has complied with section 365 of the Bankruptcy Code, and the Lease, as modified and amended, shall be in full force and effect without any outstanding enforceable default(s) thereunder.

34.     Subject to the Closing of the APA sale transaction, and notwithstanding that that certain "Lease" dated February 3, 2009, by and between Champion Pacific, L.P. and the Debtor (the "Champion Lease") for premises at 6861 Nancy Ridge Drive, San Diego, California 92121 (the "Premises"), shall expire by its own terms on April 30, 2010 (the "Expiration Date"), the Buyer shall be entitled, without disruption or interference, to remain upon the Premises following the Closing Date and for a period not to exceed thirty (30) days thereafter to allow the Buyer to remove from the Premises any of the Purchased Assets currently located thereat, provided, however, that the Buyer shall only be responsible for the base rent during the period of any such continued use and occupancy.

CSD 1001A [11/15/04] (Page 10)

35. The Debtor, its officers, employees and agents, are authorized to take such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

THE FOREGOING ORDER IS APPROVED
IN FORM AND SUBSTANCE:

DAVIS WRIGHT TREMAINE LLP

_____
John R. Tate, Esq.

Attorneys for CARDIOVASCULAR BIOTHERAPEUTICS, INC.

CSD 1001A
1406461v3 237548.000001

American LegalNet, Inc.
www.USCourtForms.com